UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN DAVID MCMURRER, No. 12653-028,

    Petitioner,

v.

WARDEN SPROUL,

    Respondent.

Case No. 21-cv-772-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Brian David McMurrer's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the United States Penitentiary at Marion, Illinois ("USP-Marion), where respondent Warden Sproul is the warden. The petitioner is challenging the loss of 27 days of good conduct credit based on discipline he received at the Coleman I United States Penitentiary at Sumterville, Florida, in February 2019.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases like the one at bar.

In January 2016, McMurrer pled guilty in the United States District Court for the Southern District of Indiana to one count of bank robbery. *United States v. McMurrer*, No. 3:15-cr-47-WTL-MJD (S.D. Ind.). McMurrer appealed his sentence, and in November 2019, the

United States Court of Appeals for the Seventh Circuit granted McMurrer's motion to voluntarily dismiss the appeal. *United States v. McMurrer*, No. 19-1628 (7th Cir. 2019).

He is currently incarcerated at USP-Marion with a projected release date of April 10, 2023. *See* https://www.bop.gov/inmateloc/ (visited July 19, 2021). The petitioner lost 27 days of good conduct credit based on Incident Report 3216444, which charged him with committing Prohibited Act 299, "disruptive conduct" for abuse of mail in January 2019. The report concerned his use of email and ultimately came before a disciplinary hearing officer ("DHO"). McMurrer believes that the Bureau of Prisons ("BOP") violated his due process rights in depriving him of good conduct credit because the DHO was biased, the DHO's written report was never delivered to him, and the incident report itself had no merit. The petitioner seeks expungement of his disciplinary conviction and restoration of his lost good conduct credit.

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). This includes claims for restoration of wrongfully revoked good conduct credit. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

Prisoners are entitled to due process before being deprived in prison disciplinary proceedings of their liberty interests in earned good conduct credit. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). A prisoner is entitled to be given:

> (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992), *accord Scruggs*, 485 F.3d at 939; *see Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985);

*Wolff v. McDonnell,* 418 U.S. 539 (1974).  Due process also requires that the disciplinary decision be supported by "some evidence."  *Hill*, 472 U.S. at 454.

McMurrer's claims for restoration of good conduct credit and for a specific due process violation in connection with the disciplinary process are properly raised in this § 2241 petition. *Jones*, 637 F.3d 841 (due process claim); *Waletzki*, 13 F.3d 1079 (denial of good conduct credit). Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief.  Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before **August 20, 2021**.  This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts during the pendency of this action.  This notification must be in writing no later than 7 days after a transfer or other change in address.  Failure to provide notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  July 20, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
