UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN DAVID MCMURRER, No. 12653-028,

    Petitioner,

  v.

WARDEN SPROUL,

    Respondent.

Case No. 21-cv-772-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Brian David McMurrer's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). Respondent Daniel Sproul, warden at the United States Penitentiary at Marion, Illinois ("USP-Marion), has responded to the motion (Doc. 10), and McMurrer has replied to that response (Doc. 13).[1]

In his § 2241 petition, the petitioner brings a due process challenge to the loss of 27 days of good conduct credit based on discipline he received at the Coleman I United States Penitentiary at Sumterville, Florida, in February 2019. The Court denies the petition because McMurrer failed to exhaust his administrative remedies without cause, prejudice, or other good excuse.

**I.**    **Background**

In January 2016, McMurrer pled guilty in the United States District Court for the Southern District of Indiana to one count of bank robbery. *United States v. McMurrer*, No. 3:15-

---

[1] When he filed this petition, the petitioner was incarcerated at USP-Marion, where Sproul was the warden. It appears he is now at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"). *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited Dec. 27, 2021). The petitioner's transfer to a facility outside this district does not divest this Court of subject matter jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004); *al-Marri v. Rumsfeld,* 360 F.3d 707, 712 (7th Cir. 2004) (citing *Ex Parte Endo,* 323 U.S. 283 (1944)).

cr-47-WTL-MJD (S.D. Ind.).  He is currently in housed at USP-Lewisburg, a Bureau of Prisons ("BOP") facility.  When he filed his petition, his projected release date was April 10, 2023, *see* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited July 19, 2021), but it is now projected to be May 1, 2023, *id.* (visited Dec. 27, 2021).

In February 2019, McMurrer lost good conduct credit based on Incident Report 3216444 ("IR").  According to the IR, McMurrer was emailing a third-party text messaging service using a code (a period in the subject line) that essentially instructed the third-party to funnel texts to others.  This allowed McMurrer to send unauthorized, unsolicited text messages to people outside the prison without the required notice that the outside person was communicating with a federal prisoner and without the outside person's registration with the BOP's inmate communication system, CorrLinks.  Another earlier email to McMurrer from the third-party service instructed him how to use the service.  The IR asserted that this enabled McMurrer to circumvent monitoring of his use of TruLincs, the prison email system, by BOP staff.  *See* Gov. Resp. Ex. 1, Chaney aff., Attach. D, IR (Doc. 10-1 at 26).

McMurrer was charged with committing Prohibited Act 299, "disruptive conduct" for abuse of mail.  McMurrer had a hearing before disciplinary hearing officer ("DHO") Matthew Chaney, who was also McMurrer's case manager, on February 5. 2019.  At the hearing, McMurrer did not contest his conduct but asserted that he did not know it was prohibited by the rules and, in fact, that it was not.  *See* Gov. Resp. Ex. 1, Chaney aff., Attach. D, DHO Report (Doc. 10-1 at 23).  The DHO found McMurrer guilty and docked him 27 days of good conduct time and 120 days of visitation and email privileges.  *See id*. (Doc. 10-1 at 23-25).

In his petition, McMurrer asserts that the BOP violated his due process rights when it deprived him of good conduct credit because (1) the DHO was biased, (2) the DHO's written

report was never delivered to him, and (3) the incident report itself had no merit. The petitioner seeks expungement of the disciplinary conviction, restoration of his lost good conduct credit, and court costs.

The respondent argues that McMurrer failed to exhaust his administrative remedies, that the DHO's report was delivered to him on the day it was issued, that the DHO was not biased, and that the DHO's report was supported by "some evidence." Additionally, even if McMurrer's due process rights had been violate because the report was not delivered to him, restoring his lost good conduct credit is not the appropriate remedy.

## II.     Applicable Law

A federal inmate may file a § 2241 petition to challenge the revocation of good conduct credit on the grounds that he did not receive due process in connection with that disciplinary decision. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011). Although inmates retain due process rights in connection with prison disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, due process in the prison disciplinary context requires, at a minimum, that the inmate receive:

> (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*Jones*, 637 F.3d at 845 (citing *Wolff,* 418 U.S. at 563-71; *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007)).

Due process also requires that there be "some evidence [to] support[] the decision . . . to revoke good time credit." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455

3

(1985); *see Jones*, 637 F.3d at 845. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The evidence to support the disciplinary decision does not need to "logically preclude[] any conclusion but the one reached by the disciplinary board." *Id.* at 457.

When an inmate believes he has been deprived of due process by a disciplinary decision that resulted in the loss of good time credit, he must exhaust his administrative remedies before filing a § 2241 petition. Although there is no express exhaustion requirement in § 2241, there is a common-law exhaustion requirement. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The Court may, indeed, require it before it entertains a § 2241 petition. *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986) (holding that "a federal prisoner challenging a disciplinary decision within the federal institution must exhaust his administrative remedies before seeking federal habeas relief").

**III. Analysis**

The Court will first address whether McMurrer exhausted his administrative remedies and will then turn to the substance of his claim.

    A.    <u>Exhaustion of Administrative Remedies</u>

As noted above, the petitioner must exhaust his administrative remedies before bringing his challenge before the Court. McMurrer failed to do so before filing this § 2241 petition.

The BOP's Administrative Remedy Program for an inmate's issue "relating to any aspect of his/her own confinement" is set forth in 28 C.F.R. § 542.10 *et seq.* To

4

challenge a disciplinary decision rendered by a DHO, an inmate must submit an Administrative Remedy Appeal directly to the appropriate BOP Regional Director within 20 days of the challenged disciplinary decision.  28 C.F.R. § 542.14(a), (d)(2).  The Regional Director must respond within 30 days, subject to a 30-day extension.  28 C.F.R. § 542.18.  If the inmate is not happy with the Regional Director's response, he may appeal further to the BOP General Counsel (on a BP-11 form) within 30 days of the regional response, with some exceptions if there is a valid reason for delay.  28 C.F.R. § 542.15(a).  The General Counsel must respond within 40 days, subject to a 20-day extension.  28 C.F.R. § 542.18.  The appeal to the General Counsel is the final step in the Administrative Remedy Program.  *Id.*  An inmate may not raise on appeal any issue not raised at lower levels.  28 C.F.R. § 542.15(b)(2).

DHO Chaney issued the decision about which McMurrer complains on February 5, 2019.  Chaney has sworn, and markings on the report itself indicate, that Chaney delivered it to McMurrer that same day, although there is no entry for the delivery on the BOP's Sentry record-keeping system that would normally reflect such a delivery.  McMurrer appealed the DHO's decision to the BOP North Central Regional Office (Remedy No. 1084164-R1) on May 20, 2021, more than two years after the DHO issued the decision.  On June 10, 2021, the Regional Office rejected McMurrer's appeal as untimely because it was not filed within 20 days of McMurrer's receipt of the DHO report.  Notably, the Regional Office did not reject the appeal because McMurrer failed to submit a copy of the DHO's decision.  Pet.'s Mot. Ex., Rejection Notice – Administrative Remedy (Doc. 1 at 11).

McMurrer disagreed with that conclusion because he claimed he did not receive

5

the report.[2]  Nevertheless, he did not appeal the Regional Office's decision to the General Counsel in the Central Office.  Such an appeal would not have been futile, for the Central Office could have directed the BOP to give McMurrer a copy of the DHO report and directed the Regional Office to accept a late appeal in light of the fact that McMurrer claimed not to have received the DHO decision.  *See* 28 C.F.R. § 542.15 ("When the inmate demonstrates a valid reason for delay, these time limits may be extended.").  Instead, on June 30, 2021, McMurrer placed his § 2241 petition in the prison mail system to be sent to the Court.  By failing to appeal his disciplinary decision to the final level of administrative appeal—an appeal to the General Counsel—McMurrer failed to exhaust his administrative remedies before filing this § 2241 petition.

Because he is procedurally defaulted for failing to exhaust administrative remedies, McMurrer habeas claim is barred unless he can show cause for and prejudice from that default.  *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986).  McMurrer cannot show cause for his failure.  He filed this lawsuit 20 days after the Regional Office's decision, still within the time to appeal to the General Counsel.  The rules would require a response from the General Counsel within, at the most, 60 days of the appeal, and McMurrer is not scheduled for release until May 2023.  That left plenty of time for him to exhaust remedies and then file a lawsuit without rendering the process pointless.  There is simply no reason McMurrer could not have appealed to the General Counsel

---

[2] The Court notes that McMurrer was *aware* of the decision even if he did not receive the written report because the decision imposed other sanctions that would have been obvious to McMurrer—loss of visitation and email privileges for 120 days.  *See* Gov. Resp. Ex. 1, Chaney aff., Attach. C , Inmate Discipline Data 3-4 (Doc. 10-1 at 18-19).  Additionally, in his late appeal to the Regional Office he demonstrates knowledge of the substance of the adverse decision, and in his § 2241 petition he states that he repeatedly requested a copy of the decision from his BOP counselor.

before filing this lawsuit.

Whether he suffered prejudice from his failure to exhaust requires a look at the merits.

  B.  <u>Bias of the DHO</u>

McMurrer claims Chaney was biased because he was McMurrer's case manager and could therefore not serve as a neutral decision-maker in the disciplinary hearing. He states that they have had disagreements in the past that render Chaney unable to preside impartially over the disciplinary hearing.

It is true that an inmate is entitled to a neutral DHO. The DHO cannot be an official who was "directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof." *Piggie v. Cotton*, 342 F.3d 660, 667 (7th Cir. 2003). But absent this, DHOs are presumed to be honest and to have integrity in their decisions, and that presumption is difficult to overcome. *Piggie*, 342 F.3d at 666 (citing *Withrow v. Larkin,* 421 U.S. 35, 47 (1975)). In *Piggie*, the Court of Appeals held that presiding over a previous disciplinary proceeding involving the inmate, finding the inmate guilty, and suggesting discipline as a habitual rule violator collectively are not sufficient to demonstrate impermissible bias. *See Piggie*, 342 F.3d at 666-67. By the same token, simple familiarity with the inmate, or even having had a dispute with the inmate over another matter, does not mean the DHO cannot be neutral so long as there was no direct or substantial involvement in the conduct or the investigation and no evidence of bias.

Although Chaney was familiar with McMurrer as his case manager and had had disagreements with him in the past, the undisputed evidence shows that he did not have

7

any independent first-hand knowledge of the events in issue or interest in the outcome of the proceedings. Gov. Resp., Ex. 1, Chaney aff. ¶ 11 (Doc. 10-1 at 5). He was not a witness, a victim, or an investigator of the events; he simply heard the evidence presented by others. Additionally, the Court has reviewed Chaney's decision and finds no evidence of bias therein or in any other part of the record. McMurrer must do more than make vague, unsupported allegations of bias to support such a finding.

In the absence of any credible suggestion of bias, McMurrer has not shown his due process rights were violated in this regard or that he suffered any prejudice from his procedural default of this argument.

C.    Some Evidence

McMurrer claims his due process rights were violated because the IR had no merit. The Court has reviewed the record and finds that the DHO report was supported by "some evidence," all that is required to comport with due process requirements. The DHO relied on the IR describing the author's observations and McMurrer's emails themselves. Those emails included one from the third-party text message service explaining how the service worked to send text messages using only a code that does not reveal the recipient or the sender. Other emails showed McMurrer used that process and that, as a result, prison officials could not effectively monitor his communications. McMurrer himself did not contest that he did, in fact, use this service, only that he did not know it violated prison rules or that it, in fact, did not violate prison rules because the BOP knew the identity of the third-party text message service.

The evidence relied on by Chaney undoubtedly contained some evidence that could support his ultimate conclusion and discipline. Whether the Court would come to

the same conclusion based on the same evidence is not relevant where the DHO relied on "some evidence." In this circumstance, McMurrer's due process rights have not been violated in this regard, and he has not suffered any prejudice from his procedural default of this argument.

      D.      <u>Excusing Failure to Exhaust</u>

The Court declines to excuse McMurrer's failure to exhaust his administrative remedies before filing this lawsuit. The Court may excuse the failure to exhaust where:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

As noted above, McMurrer has not pointed to any prejudice. He points to no favorable evidence or other missed opportunity that became unavailable because he did not receive the written report in a timely manner, and he has not offered a valid reason for failing to appeal the Regional Office's rejection to the Central Office.[3] As explained above, his legal claims have no merit, including the assertion that the BOP is biased or has predetermined the issue or that there was insufficient evidence to support the DHO's

---

[3] This case is distinguishable from *Hawkins v. Sproul*, No. 18-cv-2206-NJR, 2020 WL 1905170 (S.D. Ill. Apr. 17, 2020). There, the Regional Office rejected an inmate's appeal because he did not include a copy of the DHO report that the inmate had never received. That deficiency could not be remedied, but McMurrer's could. In *Hawkins*, delivery of a late report and allowing a late administrative appeal would have been unfair because the inmate had lost the opportunity to obtain favorable evidence. Here, the lack of a report was not the reason for the rejection, but timeliness was, and McMurrer could have easily argued the deadline for the original appeal should have been extended until he received the report without causing any prejudice to his defense.

decision. Finally, McMurrer raises no substantial constitutional claim. In light of these circumstances, the Court declines to excuse McMurrer's failure to exhaust administrative remedies.

## IV. Conclusion

The Court **DENIES** McMurrer's § 2241 petition (Doc. 1) for failure to exhaust administrative remedies without a showing of cause for or prejudice from that failure and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  January 3, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
